[Civ. No. 2203. First Appellate District.—June 6, 1918.]

## SAM MOOSIOS, Respondent, v. LOUIS RUSCONI, Appellant.

CONVERSION—LEASE OF FARMING LAND ON SHARES—SEIZURE OF WHOLE CROP BY LESSOR—LIABILITY TO MORTGAGEE OF LESSEE.—Where land is leased to be farmed on equal shares, and the lessor attaches and takes possession of the whole crop, and personally and through the sheriff refuses upon demand to deliver the other one-half thereof to the holder of an overdue note secured by chattel mortgage on such one-half with the right of possession upon failure to pay the note, such lessor is guilty of conversion.

APPEAL from a judgment of the Superior Court of Fresno County.   George E. Church, Judge.

The facts are stated in the opinion of the court.

George Cosgrave, for Appellant.

N. Lindsay South, C. K. Bonestell, and G. Laynesworth, for Respondent.

KERRIGAN, J.—This is an action brought by the plaintiff against the defendant for conversion of a lot of beans upon which plaintiff held a chattel mortgage. The trial court found against the defendant and rendered judgment in plaintiff's favor for the sum of seven hundred dollars, the value of the beans found to have been converted.

The defendant leased a parcel of land in Fresno County to Harry Sidery, Y. Colivas, and Louis Fatseas, mortgagors of the plaintiff, to be farmed on equal shares. In addition to receiving one-half of the crop, the defendant was to be reimbursed for any advances he might make to his lessees for the purpose of enabling them to produce and harvest the crop, this reimbursement to be made out of the lessees' share thereof at the time it was harvested, at which time also the defendant was to receive from the lessees his share thereof due as rent. Just prior to October 28, 1915, plaintiff and defendant apparently became apprehensive as to how the crop of beans would be divided, and on the forenoon of that day the plaintiff obtained from the lessees a promissory note for $750, payable

one day after date, for supplies and advances furnished them, the note being secured by a chattel mortgage on the crop, and providing that if not paid when due, the mortgagee should be entitled to possession of the mortgaged property. On the afternoon of that day the defendant began an action against his lessees for recovery of the amount of advances made by him under the provisions of the lease, and the sheriff, acting under a writ of attachment issued in that action, and while the beans were yet on the vines, took possession of the same. Later he harvested the crop and delivered one-half thereof to the defendant. In the meantime, the note of the lessees to plaintiff being overdue and unpaid, the plaintiff demanded possession of one-half of the crop both of the defendant and of the sheriff. They refused to comply with this demand, and there is nothing in the record to show what became of the proportion of the crop to which, under the terms of his chattel mortgage, the plaintiff was clearly entitled. Prior to the trial defendant's attachment suit against the lessees was dismissed, upon the ground that it was prematurely brought, it appearing to have been instituted before the defendant was entitled either to his share of the crop or to repayment of advances claimed by him to have been made.

From a mere statement of the facts it appears too plain to require argument that, upon the failure of the lessees to pay to plaintiff the amount of their note, he, under the provisions of the mortgage already noticed, was entitled to the possession of one-half of the crop of beans, and that the defendant, making no claim to more than one-half the crop, having through the sheriff—who, in effect, was his agent—taken possession of the whole thereof, and having both personally and through the sheriff refused upon demand to deliver to the plaintiff the part to which he was entitled, was guilty of conversion. It follows that the conclusion of the trial court to that effect was correct.

The judgment is affirmed.

Beasly, J., *pro tem.,* and Zook, J., *pro tem.,* concurred.